**INDUSTRIAL CREDIT COMPANY,**
Appellant,

v.

**Lawrence HAZEN, Trustee of the Estate of Lindeberg Wood Products and Fixtures, Inc., Bankrupt, Appellee.**

No. 15189.

United States Court of Appeals
Eighth Circuit.

May 3, 1955.

Jerome B. Simon and Bundlie, Kelley, Finley & Maun, St. Paul, Minn., filed brief for appellant.

O'Brien & Kronebusch, Minneapolis, Minn., filed brief for appellee.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

COLLET, Circuit Judge.

Appellant, a corporation, filed a claim in the Bankruptcy Court of Minnesota against the Bankrupt Estate of Lindeberg Wood Products & Fixtures, Inc. After participating in the first meetings of creditors and the examination of witnesses on two occasions, but before any objections to Appellant's claim were filed, Appellant, on December 31, 1953, filed a withdrawal of its claim with the Referee in Bankruptcy and gave due notice thereof to the Trustee in Bankruptcy and his attorney. On January 6, 1954, the Trustee filed objections to the withdrawal of the claim upon the ground that since the Local Bankruptcy Rules of the District Court in Minnesota prohibited the withdrawal of the claim when the Trustee asserted that the claimant had received a preference, and since the Trustee was making that assertion, the withdrawal should not be permitted. A further objection was to the effect that Appellant by participating in the proceedings was estopped from withdrawing its claim. Contemporaneously with the filing of the objections, the Trustee served and filed his objections to the allowance of the claim and set up an alleged unlawful and voidable preference as a counterclaim. The Referee sustained the objections to the withdrawal of the claim. The District Court sustained the Referee. This appeal resulted.

Appellant's withdrawal of its claim was predicated upon Rule 41(a) (1) of the Federal Rules of Civil Procedure, 28 U. S.C.A. Rule 41(a) (1), providing as follows:

"* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party

of an answer or of a motion for summary judgment, whichever first occurs, * * *."

The Local Rule which was effective January 1, 1944 provides:

"Withdrawal of Proofs of Claims—

"(b) Proofs of claims may be withdrawn at any time upon written notice to and order of the referee unless the trustee asserts that the claimant has received a preference. In case of the withdrawal of a claim, the proof shall remain on file, the notice of withdrawal shall be attached to it, and the claim shall be plainly marked 'withdrawn'. The list of claims required to be kept by the referee shall contain an entry showing the withdrawal and referring to such notice."

This Rule was adopted by the District Court of Minnesota pursuant to the authority of General Order in Bankruptcy Number 56, 11 U.S.C.A. following Section 53, which provides that:

"Each court of bankruptcy, by action of a majority of the judges thereof, may from time to time make and amend rules governing its practice in proceedings under the Act not inconsistent with the Act or with these general orders".

After the Federal Rules of Civil Procedure became effective General Order in Bankruptcy Number 37, 11 U.S.C.A. following Section 53, provided that:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."

Appellant contends that Rule 41(a) (1) of the Federal Rules of Civil Procedure authorizing voluntary dismissal at any time before service of answer or motion for summary judgment is not inconsistent with the Bankruptcy Act

or the General Orders and under General Order 37 applies to the withdrawal of its claim with the result that since there had been no objection filed to the claim at the time of its withdrawal the action of the Referee and the trial court in setting aside the withdrawal was error. Appellee, the Trustee in Bankruptcy, contends that the Rules of Civil Procedure do not apply, that the Local District Court Rule does, and that the withdrawal was properly denied under the Local Rule.

It is apparent that if the Rules of Civil Procedure apply, the Local District Court Rule is inconsistent with Rule 41(a) (1). General Order 37 makes the Rules of Civil Procedure applicable if not inconsistent with the act or the General Orders. There is no inconsistency between Rule 41(a) (1) of the Rules of Civil Procedure and the Bankruptcy Act or the General Orders. That being true, Rule 41(a) (1) of the Rules of Civil Procedure applies to the withdrawal of claims. This court has so held in Kelso v. Maclaren, 122 F.2d 867, loc. cit. 870. See also, 3 Collier on Bankruptcy, Sec. 67.12 p. 179 and 2 Remington, Treatise on Bankruptcy Law 4th Ed. Sec. 754. In Kelso v. Maclaren the objection to the claim was filed before the claimant sought to withdraw the claim. The court held that Rule 41(a) (2) applied and since the objection was filed first [1] the claim could not be withdrawn unless in the discretion of the court it so ordered. Here, the objection was not filed at the time of withdrawal making Rule 41(a) (1) applicable, which as heretofore noted, permits dismissal or withdrawal without order of the court. Since General Order 56 limits the authority of the District Courts to the making of local rules which are not inconsistent with the General Orders and General Order 37 makes Rule 41 (a) (1) applicable to the withdrawal of claims, the local rule insofar as it conflicts with Rule 41(a) (1) is invalid. The refusal to permit the withdrawal was, therefore, erroneous unless Appel-

---

1. The objection was treated as an answer.

lant was estopped from withdrawing the claim by reason of its participation in the proceedings.

Rule 41(a) (1) makes no exception to the right of dismissal other than those expressly stated in the rule as above quoted. Those recognized exceptions obviously do not embrace participation in bankruptcy proceedings such as the participation of Appellant in the present proceeding.

For the reasons stated, the order and judgment of the District Court is reversed with directions to permit the withdrawal of Appellant's claim.