**Glen HOFFMANN, Appellee,**

v.

**ALSIDE, INC., and United States Steel Corporation, Appellants.**

**No. 78–1802.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1979.

Decided April 27, 1979.

Paul S. Kuelthau of Moller, Talent & Kuelthau, St. Louis, Mo. (argued), David A. Campbell, Jr., Legal Dept. of Alside, Inc., Akron, Ohio, and Richard J. Antonelli of Law Dept. of U.S. Steel Corp., Pittsburgh, Pa., on brief, for appellants.

H. Lloyd Kelley, III, St. Louis, Mo., argued, for appellee; Robert M. Paskal, St. Louis, Mo., on brief.

Before BRIGHT and STEPHENSON, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

The question before us is whether the district court[1] abused its discretion in permitting the plaintiff to voluntarily dismiss this case without prejudice. We affirm the district court.

Plaintiff-appellee Hoffmann filed suit on June 6, 1978, alleging that defendants-appellants United States Steel Corporation and Alside, Inc., a wholly-owned subsidiary of U.S. Steel, had discriminated against Hoffmann in regard to the terms and conditions of his employment because of his age, in violation of the Age Discrimination in Employment Act.[2] Alside and U.S. Steel answered on July 3, denying all material allegations.

On July 21, after the case had been set for trial to the court, Hoffmann requested a jury trial. The court denied the request as untimely and to avoid delay and confusion on the docket. On October 10, having obtained leave of court, Hoffmann dismissed the action without prejudice at his cost under Fed.R.Civ.P. 41(a)(2).[3]

Alside and U.S. Steel moved to amend the order permitting dismissal without prejudice, contending that Hoffmann's act was motivated solely by a desire to circumvent his failure to timely request a jury trial. They requested the court either withdraw its approval or condition it on Hoffmann's agreement not to seek a jury trial in any new filing of the same suit. The court denied the motion.

On appeal, Alside and U.S. Steel argue that the district court abused its discretion in granting leave to dismiss without prejudice. Additionally, they assert that since the court allowed the dismissal to stand, it should have imposed the condition noted above.

■ Our inquiry is confined to a determination of whether the district court abused its discretion. See Johnston v. Cartwright, 355 F.2d 32, 39–40 (8th Cir. 1966); Home Owners' Loan Corp. v. Huffman, 134 F.2d 314, 317 (8th Cir. 1943). To this end, Alside and U.S. Steel must be able to demonstrate some plain legal prejudice flowing to them as a result of the dismissal. New York, C. & St. L. R. R. v. Vardaman, 181 F.2d 769, 770 (8th Cir. 1950). What is required is more than a showing that Hoffmann will gain a tactical advantage by his action. See, e. g., Kennedy v. State Farm Mut. Automobile Ins. Co., 46 F.R.D. 12, 14 (E.D. Ark.1969).

■ Legal prejudice is not visited upon Alside and U.S. Steel because they might have to try their case to a jury rather than to the court. See Fed.R.Civ.P. 39(b). Cf. United States v. Gunc, 435 F.2d 465 (8th Cir. 1970) (no prejudice to taxpayer where government obtained Fed.R.Civ.P. 41(a)(2) dismissal which in fact deprived taxpayer of jury trial). Absent such plain legal prejudice, the district court did not abuse its discretion.

Hoffmann's appellate brief was filed with the clerk of court's office the day before oral argument. Because this lateness interfered with preparation for arguments and also delayed submission, to allow Alside and U.S. Steel to file reply briefs, costs are taxed against Hoffmann.

Affirmed.

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri.

2. 29 U.S.C. § 621 et seq. There was also a pendent state claim under the Missouri letter statute, Mo.Ann.Stat. § 290.140 (Vernon 1965).

3. Fed.R.Civ.P. 41(a)(2) provides in part:

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.