**In re 20/20 SPORT, INC. and 20/20 Design, Inc., Debtors.**

**Bankruptcy Nos. 96 B 40502, 96 B 40503 (BRL).**

United States Bankruptcy Court, S.D. New York.

Oct. 1, 1996.

Thacher Proffitt & Wood by Christopher F. Graham, Jonathan D. Forstot, Deirdre A. Dillon, New York City, Jenner & Block by Linda L. Listrom, Craig C. Martin, Chicago, IL, for Sara Lee Corporation.

Angel & Frankel, P.C. by Joshua J. Angel, Leonard H. Gerson, New York City, LeClair Ryan by Bruce H. Matson, Richmond, VA, for Debtors.

## MEMORANDUM DECISION REGARD-ING WITHDRAWAL OF PROOF OF CLAIM UNDER BANKRUPTCY RULE 3006

BURTON R. LIFLAND, Bankruptcy Judge.

Before the court is a motion for a determination that a proof of claim was properly withdrawn as of right pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or, in the alternative, leave to withdraw the claim.

### BACKGROUND

On February 1, 1996, 20/20 Sport, Inc. ("20/20" or the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. The following day, 20/20 filed an adversary proceeding (the "Adversary Proceeding") against Sara Lee Corporation ("Sara Lee") alleging that Sara Lee Knit Products ("SLKP"), a division of Sara Lee, wrongfully entered into a distributorship agreement with 20/20 in April 1994 and then wrongfully terminated the agreement in March 1995. The complaint alleges common law fraud, negligent misrepresentation, fraudulent conveyance, breach of contract and a violation of North Carolina Unfair and Deceptive Practices Act. The Debtor seeks damages of no less than $28 million for each of its five claims for relief. The anticipated recoveries from the Adversary Proceeding are the primary source of funding for distributions to unsecured creditors under the Debtor's confirmed chapter 11 plan of reorganization.

On March 14, 1996, Hanes Printables ("Hanes"), another division of Sara Lee, filed a proof of claim against the Debtor (the "Hanes Proof of Claim") in the amount of $34,602.85. Approximately one month later, Sara Lee filed a Notice of Withdrawal of the Hanes Proof of Claim. The following day, Sara Lee filed a Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court.[1] In support of that motion, Sara Lee argued, *inter alia,* that the Adversary Proceeding is essentially a state law action for prepetition fraud and breach of contract damages and thus, is a non-core

proceeding. Sara Lee also argued that because the Adversary Proceeding seeks legal relief in the form of money damages, as opposed to traditional forms of equitable relief, Sara Lee is entitled to a jury trial.

While the District Court found that four of the five claims asserted in the Adversary Proceeding are non-core, it found that the "fraudulent conveyance claim is arguably core." *In re 20/20 Sport, Inc. v. Sara Lee Corp. (In re 20/20 Sport, Inc.),* 96 Civ. 3186 (LLS) at *5 (S.D.N.Y. June 19, 1996) (hereinafter the "District Court Decision"). Accordingly, the court found that since the bankruptcy court may hold a jury trial in a core matter there was no requirement that the reference with respect to the fraudulent conveyance claim be withdrawn even if Sara Lee were entitled to a jury trial on it. *Id.* at *6.

The Debtor argued, however, that regardless of whether the claims were core or non-core, Sara Lee waived its right to a jury trial by filing the Hanes Proof of Claim. Sara Lee, on the other hand, argued that the withdrawal of the Hanes Proof of Claim under Bankruptcy Rule 3006 reinstated its right to trial by jury.

The District Court denied the motion to withdraw the reference, without prejudice, stating that

> [t]he bankruptcy court is in the best position to determine in the first instance whether Hanes's purported withdrawal was effective. The issue appears to be one of first impression, and there is very little case law interpreting [Bankruptcy] Rule 3006. The bankruptcy court is familiar not only with the [Bankruptcy Rules] but also with the effects of their day-to-day application; and it is more familiar than this court with 20/20 Sport's bankruptcy case, and thus is in a better position to determine whether withdrawal of Hanes's claim would prejudice 20/20 Sport or disrupt the bankruptcy case. [citation omitted].

District Court Decision at *7.

### DISCUSSION

In an action to recover a fraudulent conveyance, the Seventh Amendment right to

---

1. Prior to the filing of the Motion to Withdraw the Reference to the Bankruptcy Court, Sara Lee sought to transfer venue of the Adversary Proceeding to the Middle District of North Carolina. That motion was denied. *See* Transcript of Hearing, dated April 17, 1996.

a jury trial depends on whether the person against whom the action is brought has submitted a claim against the debtor's estate. *First Fidelity Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.)*, 937 F.2d 833, 838 (2d Cir.1991) (citing *Langenkamp v. Culp*, 498 U.S. 42, 45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990) (per curiam)). By filing a claim against the estate, a creditor triggers the process of allowance and disallowance of claims and the debtor's fraudulent conveyance action against the creditor becomes part of the claims allowance process. This process is integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction, which the creditor has invoked by filing the claim, and the fraudulent conveyance action is therefore only triable in equity. *In re Hooker Investments*, 937 F.2d at 838 (citing *Langenkamp*, 498 U.S., at 44, 111 S.Ct. at 331; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 & n. 14 (1989)); *see also Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966). However, when no claim against the estate is filed, an action to recover a fraudulent conveyance is essentially a legal one, and the Seventh Amendment requires that the defendant be afforded a jury trial. *In re Hooker Investments*, 937 F.2d at 838 (citing *Langenkamp*, 498 U.S. at 45, 111 S.Ct. at 331–32; *Granfinanciera*, 492 U.S. at 58–59, 109 S.Ct. at 2799). If a claim is filed against the estate and then successfully withdrawn as of right pursuant to Bankruptcy Rule 3006, the withdrawn claim is a nullity and the parties are left as if the claim had never been filed. *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir.1995).

### Withdrawal as of Right Pursuant to Bankruptcy Rule 3006

■ Pursuant to Bankruptcy Rule 3006,

[a] creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing ...

FED.R.BANKR.P. 3006.[2]

Sara Lee argues that the Hanes Proof of Claim could be withdrawn as a matter of right, without leave of the court, because no party in interest, including the Debtor had filed any objections to that proof of claim nor was any adversary proceeding against Hanes or Sara Lee filed after the proof of claim was filed. In the alternative, Sara Lee seeks leave of court to withdraw the Hanes Proof of Claim asserting that the Debtor would not be prejudiced in any way.

The Debtor, on the other hand, argues that having knowingly and voluntarily consented to the bankruptcy court's jurisdiction by filing the Hanes Proof of Claim *after* the Debtor filed and served the adversary proceeding, Sara Lee did not have the right to withdraw its proof of claim without leave of the court. The Debtor also contends that because "a previously-filed adversary proceeding was 'pending'" that adversary proceeding "in a very real sense was 'filed' after the proof of claim." In that regard, the Debtor argues it would be absurd to find that the Debtor had an obligation to refile the complaint after the Hanes Proof of Claim was filed.

### The Plain Meaning of Bankruptcy Rule 3006

When interpreting a statute the court should begin with "the language of the stat-

---

**2.** The last two exceptions listed in Bankruptcy Rule 3006 were not raised by the parties as being at issue in the pleadings submitted to the court. At the hearing, however, the Debtor argued that no other creditor had filed as many motions in this case as Sara Lee, thus evidencing substantial participation in 20/20's bankruptcy proceeding. The Debtor's argument, in that regard, is disingenuous. First, the only motions filed by Sara Lee, other than this one, relate solely to the Adversary Proceeding. Second, the main docket in the Debtor's chapter 11 case reflects that, other than the motions relating to the retention and compensation of professionals, the Debtors are the only parties which have filed any motions with this court. Accordingly, the court rejects the Debtor's last minute contention that Sara Lee has participated significantly in these chapter 11 cases.

ute itself." *Consumer Prod. Safety Comm. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Tom Lange Co. v. Kornblum & Co. (In re Kornblum & Co.)*, 81 F.3d 280, 285 (2d Cir.1996). When there is no conflict between the "reasonably plain meaning and legislative history, the words of the statute must prevail." *Aaron v. Securities and Exch. Comm.*, 446 U.S. 680, 700, 100 S.Ct. 1945, 1957, 64 L.Ed.2d 611 (1980). As with a statute, a court's inquiry is complete if it finds the text of a federal rule to be clear and unambiguous. *Business Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 540–41, 111 S.Ct. 922, 927–28, 112 L.Ed.2d 1140 (1991); *see also Taylor v. Freeland & Kronz*, 503 U.S. 638, 642–46, 112 S.Ct. 1644, 1647–50, 118 L.Ed.2d 280 (1992) (applying plain meaning analysis in interpreting Bankruptcy Rules).

If a literal application of the statute, however, produces a result demonstrably at odds with the intentions of its drafters, the intention of the drafters controls. *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989); *Young v. Paramount Communications, Inc. (In re Wingspread Corp.)* 178 B.R. 938, 943 (Bankr.S.D.N.Y.) *aff'd* 186 B.R. 803 (S.D.N.Y.1995). Similarly, when application of the plain meaning rule leads to absurd results, the court must look beyond the words to the purpose of the act. *United States v. American Trucking Assns., Inc.*, 310 U.S. 534, 543–44, 60 S.Ct. 1059, 1064, 84 L.Ed. 1345 (1940) ("When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no 'rule of law' which forbids its use, however clear the words may appear on 'superficial examination'") (citations omitted); *see also In re R.H. Macy & Co.*, 170 B.R. 69, 73 (Bankr.S.D.N.Y.1994).

In looking at the language of the rule itself, *"that creditor"* requires a predicate subject because it can not stand alone. In Bankruptcy Rule 3006 the predicate subject is "after a creditor has filed a proof of claim."

Thus, the plain meaning is that at least the first "or" in that sentence is conjunctive and, in order to fall within the exceptions to the rule, the adversary proceeding must be filed after the proof of claim is filed.

This reading is consistent with the language of former Bankruptcy Rule 305, the predecessor to Bankruptcy Rule 3006, which provided that:

> [a] creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If, after a creditor has filed a claim, an objection is filed thereto or a complaint is filed against *him* in an adversary proceeding, ... (emphasis added).

*See* 12 L.King, COLLIER ON BANKRUPTCY ¶ 305, at 3–51 (14th ed. 1978) (emphasis added). The language of Bankruptcy Rule 305 demonstrates that the drafters meant the "or" to be conjunctive because "him" also refers to the same predicate subject. In an attempt to make the rule gender neutral the meaning has been obfuscated but not changed.[3]

Accordingly, on its face, Bankruptcy Rule 3006 requires a creditor to seek leave of the court to withdraw a proof of claim if the adversary proceeding was *filed* after, not before, the proof of claim. However, such a literal reading of the rule may, as the debtor argues, in some circumstances, lead to absurd results. Therefore, the purpose underlying the rule must be considered.

**Policy Considerations Underlying Rule 3006**

■ Bankruptcy Rule 3006 (and its predecessor Rule 305) was originally derived from, and is nearly identical to, Rule 41 of the Federal Rules of Civil Procedure ("FRCP"). *See Smith v. Dowden*, 47 F.3d 940, 942 (8th Cir.1995); Advisory Committee Note to Bankruptcy Rule 3006, 8 L. King, COLLIER ON BANKRUPTCY, ¶ 3006.01[1], at 3006–2 (15th ed. 1996). *See also Industrial Credit Co. v. Hazen*, 222 F.2d 225, 226 (8th

---

**3.** In fact, the fourteenth edition of Collier on Bankruptcy actually states that

> [t]he filing of an adversary proceeding against the creditor before the creditor filed a proof of claim does not preclude withdrawal of right,

probably because the filing of the proof was not relied on as a basis for summary jurisdiction.

12 L. King, COLLIER ON BANKRUPTCY ¶ 305.06(1) (14th ed. 1978).

Cir.1955) (applying FRCP 41(a)(1) to withdrawal of creditor's claim in bankruptcy court). Under FRCP 41(a)(1)(i), a plaintiff, with certain exceptions inapplicable here, may dismiss an action by filing a notice of dismissal at any time before the defendant has filed an answer or a motion for summary judgment.[4] Such dismissal requires no approval or action by the court. FED.R. OF CIV.P. 41(a)(1); *Santiago v. Victim Serv. Agency of the Metro. Assistance Corp.*, 753 F.2d 219, 221 (2d Cir.1985). The effect of such voluntary dismissal without prejudice "is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Van–S–Aviation Corp. v. Piper Aircraft Corp. (In re Piper Aircraft Corp.)*, 551 F.2d 213, 220 (8th Cir.1977) (citing *Hill v. W. Bruns & Co.*, 498 F.2d 565, 567 n. 2 (2d Cir.1974); *see also Thorp v. Scarne*, 599 F.2d 1169, n. 1 (2d Cir.1979); *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir.) (declaring "voluntary dismissal of suit leaves situation so far as procedures therein are concerned same as though suit had never been brought") *cert. denied,* 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952); *In re Shavit*, 197 B.R. 763, 768 (Bankr.S.D.N.Y.1996) (allowing dismissal of action without prejudice).

The first sentence of FRCP 41(a)(1) has a dual purpose; it is intended to facilitate the plaintiff's ability to take a voluntary dismissal of an action while limiting abuse of the practice by restricting the right to the early stages of the action. 5 J.W. MOORE, MOORE'S FED. PRACTICE ¶ 41.02, at 41–14 (2d ed. 1995) (citations omitted); *see also Thorp v. Scarne*, 599 F.2d at 1175 (stating that the rule establishes "a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action"); *In re Piper Aircraft*, 551 F.2d at 220 (noting that the purpose of the rule is to fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right); *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963) (explaining that the rule prevents unreasonable abuse and harassment).

Similarly, FRCP 41(c), which governs voluntary dismissals of counterclaims, follows the same policy considerations as FRCP 41(a). *See* 5 MOORE'S FED. PRACTICE ¶ 41.15, at 41–180 & n. 1. When a responsive pleading is not filed against an asserted counterclaim, the right to voluntary dismissal survives. *Neifeld v. Steinberg*, 438 F.2d 423, 431 (3rd Cir.1971). It is clear, however, that if dismissal of a complaint or a counterclaim is sought after a response has been filed, the right to voluntary dismissal terminates and leave of the court is necessary to dismiss. FED.R. OF CIV.P. 41(a), (c); FED.R. OF BANKR.P. 3006; *Kelso v. Maclaren (In re Kelso Bros. Roofing Co.)*, 122 F.2d 867, 870 (8th Cir.1941).

In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint, a trustee's objection to an answer and an adversarial proceeding to a counterclaim. *Smith v. Dowden*, 47 F.3d at 943 (citing *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir.1962)). And similar to the purpose underlying FRCP 41(a), the purpose of Bankruptcy Rule 3006 is to allow a creditor to withdraw a proof of claim unless the effect of the filing "initiates a contest that must be disposed of by the court." *See* Advisory Committee Note to Bankruptcy Rule 3006, 8 COLLIER ON BANKRUPTCY ¶ 3006.01[1], at 3006–2.

Here, however, the Adversary Proceeding was filed prior to the Hanes Proof of Claim. There is no dispute that if Sara Lee or any of its divisions had not filed a proof of claim, this court would be without jurisdiction to hear the action in light of the Supreme Court's decision in *Granfinanciera.* As such, it is clear that the Debtor did not rely on Sara Lee's submission to the equitable jurisdiction of the bankruptcy court when it commenced the Adversary Proceeding. In addition, the Hanes Proof of Claim is wholly

---

**4.** FRCP 41(a)(1) provides in relevant part that:
... an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action ...

unrelated to the claims asserted in the adversary complaint and has not "initiated a contest that must be disposed of by the court" particularly in light of the facts that (i) the claim was withdrawn before the Debtor had reacted to it and (ii) the Debtor itself listed Hanes in exhibit "C" to its chapter 11 petition as one of its twenty largest unsecured creditors holding a claim in approximately the same amount as the amount asserted in the Hanes Proof of Claim. Accordingly, because there was no adversary proceeding or objection filed after the Hanes Proof of Claim was filed, and because the claim was not put "in issue" nor relied upon by the Debtor as a basis for jurisdiction when it commenced the Adversary Proceeding, I find that the claim was properly withdrawn. As such, the Debtor's fraudulent conveyance action, commenced prior to the filing and withdrawal of the claim, does not arise as part of the claims allowance process and cannot be fairly characterized as integral to the restructuring of debtor-creditor relationships. *See Smith v. Dowden,* 47 F.3d at 943; *Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323, 1328–30 (2nd Cir.1993). Accordingly, in light of the language of the rule itself, the circumstances of this case and the teachings of *Granfinanciera* and its progeny, I find that Sara Lee properly withdrew the claim as of right and without leave of the court.[5]

**Motion to Withdraw Claim under Bankruptcy Rule 3006**

▮▮▮▮ Even if Sara Lee were unable to withdraw its claim as of right, it could seek leave of the court to withdraw it. Similar to withdrawal as of right, a motion for leave to withdraw a claim under Bankruptcy Rule 3006 is governed by FRCP 41(a) considerations. *See* Advisory Committee Note to Bankruptcy Rule 3006; 8 L. King, COLLIER

ON BANKRUPTCY ¶ 3006.01[1], at 3006–2 (15th ed. 1996). Failing to meet the requirements of FRCP 41(a)(1), a plaintiff may dismiss a complaint only upon order of the court, pursuant to Rule 41(a)(2). *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963). Voluntary dismissal under FRCP 41(a)(2) is within the court's discretion and thus, the court has the power to weigh the equities and do justice in the case. 5 J.W. MOORE, MOORE'S FED. PRACTICE ¶ 41.05[1], at 41–51 & n. 3 (2d ed. 1995). As instructed by the Second Circuit, the factors relevant to the consideration of a motion to dismiss without prejudice include:

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

*Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.), *cert. denied,* 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990). Thus, in ruling on such a motion, the court's discretion is to be exercised with due regard to the legitimate interests of both the plaintiff and the defendant. While the rule is to allow a plaintiff to dismiss an action without prejudice to future litigation, the dismissal must not unfairly prejudice the defendant's interests. 5 J.W. MOORE, MOORE'S FED. PRACTICE ¶ 41.05[1], at 41–56 (2d ed. 1995). Accordingly, dismissal should in most instances be granted, unless the result would be to legally harm the defendant. *Id.; Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1399 (9th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996). In determining a motion for leave to withdraw a proof of claim under Bankruptcy Rule 3006, the same consider-

---

5. The "waiver of sovereign immunity" cases cited by the Debtor are inapposite. *See, WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996 (1st Cir.1988); *995 Fifth Avenue Assoc., L.P. v. New York State Dept. of Taxation and Fin. (In re 995 Fifth Avenue Assoc.),* 116 B.R. 384 (Bankr.S.D.N.Y.1990) *aff'd,* 127 B.R. 533 (S.D.N.Y.1991), *aff'd in part; rev'd in part,* 963 F.2d 503 (2d Cir.1992), *cert. denied,* 506 U.S. 947, 113 S.Ct. 395, 121 L.Ed.2d 302 (1992). Those cases dealt with section 106(a) of the Bankruptcy Code (prior to the 1994 amend-

ments) which provided for waiver of sovereign immunity from any claim against the state "that arose out of the same transaction or occurrence out of which such governmental unit's claim arose." While those cases found that the claimant-states had waived sovereign immunity by filing proofs of claim arising out of the same transaction upon which the debtors sought recovery in adversary proceedings against the states, neither case dealt with the effect of a subsequent withdrawal of a proof of claim.

ations apply. *Id.; Adkinson v. LTV Corp. (In re Chateaugay Corp.)*, 165 B.R. 130, 132 (S.D.N.Y.1994).

Here, 20/20 has failed to demonstrate that it will be substantially prejudiced if Sara Lee is given leave to withdraw the Hanes Proof of Claim. Sara Lee withdrew the Hanes Proof of Claim shortly after it was filed and before 20/20 had responded in any way to the filing of that claim. Furthermore, Sara Lee has sought to withdraw by motion well in advance of trial, unlike the situation in *In re Federated Dept. Stores, Inc.*, cited by the Debtor.[6] Moreover, in light of the fact that the Hanes Proof of Claim was never objected to or responded to, 20/20 has expended neither time nor money in connection therewith. None of 20/20's legal rights are threatened. Withdrawal of the Hanes Proof of Claim does not affect 20/20's ability to prosecute its claims against Sara Lee nor does it affect the administration of the chapter 11 estate. In fact, the Debtor has already confirmed its chapter 11 plan of reorganization. Furthermore, "legal prejudice is not visited upon [defendants] because they might have to try their case to a jury rather than to the court." *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir.1979). *See also Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir.1990) (it is not "sufficient to show legal prejudice to establish that the defendant may lose some perceived tactical advantage by trying the case to a jury rather than to the court"). Absent substantial prejudice, the mere fact that a tactical advantage will result is insufficient grounds for denial of the motion. *Nixon Constr. Co. v. Frick Co.*, 45 F.R.D. 387, 390 (S.D.N.Y.1968).

Accordingly, in the alternative, the motion for leave to withdraw without prejudice is granted.

It is so ordered.

---

**6.** *In re Federated Dept. Stores, Inc.*, 135 B.R. 950 (Bankr.S.D.Ohio 1992) concerned IRS tax claims filed against debtors. On the *eve of trial* the IRS sought to withdraw, without so moving, some of the claims. Id. at 952. The court held that withdrawal was improper due to the lack of motion requesting withdrawal and furthermore that the resolution of the IRS tax claims dispute was important to the "success of the Debtor's ongoing reorganization efforts...." Id. Such is not the case here. The Adversary Proceeding is in its infancy and while the resolution of it will have an effect on the estate, it may still proceed in a timely manner.