**In re Murray F. ARMSTRONG.**

**Bankruptcy No. 96–50087 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 1, 1997.

Thomas Streetman, Crossett, AR, for trustee.

Paul Keith, Monticello, AR, Charles Coleman, for Davis Bros.

William Meeks, Trustee.

### ORDER GRANTING MOTION TO WITHDRAW CLAIM

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the motion, filed on August 22, 1997, by a preference defendant to Withdraw Proof of Claim. Hearing on the motion was held on October 23, 1997, and the matter taken under submission following post-trial briefing by the parties.

This bankruptcy case was filed on January 30, 1996. Davis Brothers timely filed a proof of claim on the last possible date to do so, September 10, 1996. In early 1997, the trustee conducted meetings with various potential preference defendants in efforts to settle claims held by the estate against them. The parties dispute what occurred at these meetings with regard to whether proofs of claim should be withdrawn in order to preserve a right to trial by jury in the proposed preference actions. On May 6, 1997, the trustee filed adversary proceeding No. 97–5032, *Meeks v. Davis Brothers Auction & Realty Company* (Bankr.E.D.Ark.). Davis Brothers timely answered and demanded trial by jury whereupon the Court issued an Order striking the jury demand because Davis Brothers had submitted a proof of claim. *See Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (creditor who files a proof of claim has brought itself within the equitable jurisdiction of the bankruptcy court and, thus, has no Seventh Amendment right to a jury trial). Davis Brothers now moves to withdraw its proof of claim in order to assert a demand for jury trial in the adversary proceeding.

Both parties focus primarily upon statements and/or asserted agreements made during settlement negotiations. Davis Brothers seeks to enforce a purported agreement, while the trustee asserts that Davis Brothers must establish a clear agreement in order for the proof of claim to be withdrawn. Although parties may agree to certain conduct within the context of litigation, *i.e.,* agree not to object to particular acts or motions, the Court is not bound by any such understandings. The Court applies the rules and standards enunciated in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the controlling case law. While an agreement between these parties may be relevant to one or more of the factors to be considered by the Court, it is not dispositive of the motion to withdraw the proof of claim.

Rule 3006, Federal Rules of Bankruptcy Procedure provides that a proof of claim may be withdrawn as of right unless an adversary proceeding has been filed against the creditor. If a separate adversary proceeding has been filed, the claim cannot be withdrawn except on order of court after hearing on notice.[1] Since in this case an adversary proceeding has been filed, withdrawal of the claim is not permitted as of right.

---

1. The rule provides in pertinent part:

   A creditor may withdraw a proof of claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim or an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee. . . .

   Fed.R.Bankr.Proc. 3006.

Although Rule 3006 itself provides no guidance as to the standards to be applied in determining a motion to withdraw a proof of claim, the Eighth Circuit has indicated that the standards of Rule 41(a), Federal Rules of Civil Procedure, governing dismissal after an answer is filed, should be applied. *Kelso v. Maclaren*, 122 F.2d 867, 870 (8th Cir.1971). *Accord In re 20/20 Sport, Inc.*, 200 B.R. 972, 979 (Bankr.S.D.N.Y.1996). Thus, in determining whether to permit withdrawal of a claim over objection, the following factors should be considered:

- plaintiff's diligence in bringing the motion;

- any undue vexatiousness;

- the extent to which the suit has progressed, taking into consideration effort and expense in trial preparation;

- duplication of expense of litigation;

- adequacy of the explanation for the need to dismiss;

- any delay by Plaintiff in prosecuting its action; pendency of other pleadings/motions, *ie*, motion for summary judgment;

- prejudice to others; and

- the importance of the claim to reorganization efforts.

*See generally Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987). *Accord In re 20/20 Sport, Inc.*, 200 B.R. 972, 979 (Bankr. S.D.N.Y.1996). Thus, the court looks to the interests of not only the debtor and trustee, but also the withdrawing creditor and other creditors in the case. Since the general policy under Rule 41(a) is to permit dismissal, *In re 20/20 Sport*, 200 B.R. at 979, withdrawal of a proof of claim should in most instances be permitted unless the result is legal harm to another party in interest, *cf. id.*

It is the objecting party's burden to demonstrate a legal prejudice to withdrawal of the proof of claim. *In re County of Orange*, 203 B.R. 977, 982 (Bankr.C.D.Cal. 1996). Prejudice does not include having to try the case before a jury rather than to the court. *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir.1979); or loss of any tactical advantage, loss of choice of forum, or dismissal at an early stage of the proceeding, *In re County of Orange*, 203 B.R. at 982.

In the instant case, there is no evidence of undue delay, vexatiousness, or duplication of the expense of litigation. There is no showing that the adversary proceeding or the case has progressed to a point where withdrawal of the proof of claim would prejudice or impair the administration of either the case or the adversary proceeding. Moreover, the trustee has demonstrated no prejudice either to itself or any other creditors should withdrawal of the proof of claim be allowed. The mere fact that Davis Brothers participated in settlement negotiations prior to filing the motion to withdraw is insufficient to deny withdrawal of the claim. Negotiating to settle a separate adversary proceeding does not, in this instance, constitute significant participation in the case within the meaning of Rule 3006, delay, or cause prejudice. The only impact of the withdrawal of the proof of claim at this juncture is that Davis Brothers may be entitled to trial by jury in either the bankruptcy court or the U.S. district court in the separate adversary proceeding in which it is a defendant.

Based upon standards of Rule 41, applicable to determining a motion to withdraw proof of claim, there are no grounds for which the Court should deny the request. Rather, the policies of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure indicate that withdrawal of the proof of claim should be permitted. Accordingly, it is

**ORDERED:** that Motion of Davis Brothers Auction & Realty Company to Withdraw Proof of Claim and Enforce Agreement with Trustee, William F. Meeks, filed on August 22, 1997, is GRANTED. Davis Brothers Auction & Realty Company shall file a Notice of Withdrawal of its proof of claim within ten (10) days of entry of this Order.

**IT IS SO ORDERED.**