**In re OGDEN NEW YORK SERVICES, INC.,**
**Debtor.**

**Sempra Energy Trading Corp., Appellant,**

v.

**Covanta Union, Inc., Appellee.**

**No. 04 Civ. 611(JGK).**

United States District Court, S.D. New York.

Aug. 5, 2004.

Eric J. Snyder, New York City, for Sempra Energy Trading Corp.

Deborah M. Buell, James L. Bromley, Cleary, Gottlieb, Steen & Hamilton, New York City, Vincent E. Lazar, Jenner & Block, LLC, Chicago, IL, for Covanta Union, Inc.

## OPINION and ORDER

KOELTL, District Judge.

This is an appeal by Sempra Energy Trading Corp. ("Sempra") from a Bankruptcy Court order denying Sempra's motion to withdraw its Proof of Claim without prejudice pursuant to Federal Rule of Bankruptcy Procedure 3006. The Proof of Claim was filed against Covanta Union, Inc. ("Covanta"), which is a debtor in a jointly administered bankruptcy case, *Ogden New York Services, Inc.*, Ch. 11 Case No. 02–40826.

The denial of Sempra's motion to withdraw its claim constitutes a final order, and this Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1). *See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1399 (9th Cir.1995). On appeal, a district court reviews a bankruptcy court's findings of fact of under a "clearly erroneous" standard, *see* Fed. R. Bankr.P. 8013, but conclusions of law are reviewed *de novo*. *See, e.g., Shugrue v. Air Line Pilots Assoc. Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988 (2d Cir.1990); *Nova v. Premier Operations (In re Premier Operations)*, 294 B.R. 213, 217 (S.D.N.Y.2003). Under Rule 3006, where a party cannot withdraw its claim as of right, it may only do so "on order of the court." Fed. R. Bankr.P. 3006. Whether to grant a motion to withdraw a claim is left to the discretion of the bankruptcy court, and the district court reviews that decision for abuse of discretion. *See Adkinson v. LTV Corp., LTV (In re Chateaugay Corp.)*, 165 B.R. 130, 132–33 (S.D.N.Y.1994); *see also Lowenschuss*, 67 F.3d at 1399.

## I.

The following facts are drawn from the items designated by Sempra for the record on appeal.

On April 1, 2002, Covanta, along with numerous affiliated entities, filed a voluntary petition for chapter 11 bankruptcy. (*See* Withdrawal Mot. ¶ 1; Compl. ¶¶ 4, 33, *Covanta Union, Inc. v. Sempra Energy Trading Corp. (In re Ogden N.Y. Servs., Inc.)*, Ch. 11 Case No. 02–40826, Adv. No. 03–06735 (Bankr.S.D.N.Y. dated Aug. 5, 2003) ("Compl.").) On August 7, 2002, Sempra filed a Proof of Claim asserting claims and rights arising out of a Power Sales Agreement (the "Agreement") between Sempra and Covanta. (*See* Withdrawal Mot. ¶ 2 & Ex. A (Proof of Claim).)

In a rider attached to the Proof of Claim, Sempra alleged that Covanta's filing for chapter 11 bankruptcy constituted an event of default under the Agreement and that Sempra was exercising its rights to terminate the Agreement. (*See* Proof of Claim, Rider; *see also* Compl. ¶ 34.) The rider asserted that Sempra was "filing this proof of claim as a protective proof of claim in a contingent, unliquidated amount because Covanta has challenged Sempra's termination of the Power Sales Agreement notwithstanding the fact that it is a forward contract not subject to the automatic stay provisions of the Bankruptcy Code...." (*Id.*)

On or around August 7, 2003, Covanta filed an adversarial proceeding against Sempra arising out of the Power Sales Agreement, although the Complaint did not state claims arising out of any alleged wrongful termination or violation of the automatic stay. (*See generally* Compl.; *see also* Compl. ¶ 34 n. 1.) Instead, Covanta has alleged that Sempra made impermissible offsets against amounts owed to Covanta for power delivered, and it seeks recovery of $713,017.97 in damages for breach of contract and breach of guarantee. (*See id.* ¶¶ 35–39, 42–52.) Covanta's Complaint asserted that jurisdiction existed pursuant to 28 U.S.C. §§ 157 and 1334, and it alleged that the adversarial proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). (*Id.* ¶¶ 1, 3.) Sempra filed an Answer, dated September 24, 2003, stating affirmative defenses, including that the Complaint involved a non-core proceeding and that the reference to the bankruptcy court should be withdrawn pursuant to 28 U.S.C. § 157(d). (Answer ¶¶ 53–55.) Sempra also demanded a trial by jury. (*Id.* ¶ 64.)

Around the same time that Sempra filed its Answer, Sempra also filed a motion pursuant to 28 U.S.C. § 157(d) to withdraw the reference to the Bankruptcy Court and a motion pursuant to Federal Rule of Bankruptcy Procedure 3006 to withdraw its Proof of Claim without prejudice. The motion to withdraw the reference was assigned to this Court, but Covanta has not yet filed a response and the motion is not fully briefed. Covanta did file an opposition to the motion to withdraw the Proof of Claim, and the Bankruptcy Court held a hearing on that motion on October 29, 2003.

At the hearing, Sempra acknowledged that it wanted to withdraw its Proof of Claim to preserve its right to a jury trial in the adversarial proceeding. (*See* Oct. 29, 2003 Tr. ("Tr.") at 5–6; *see also* Withdrawal Mot. ¶ 4). Sempra argued that the motion should be granted because Covanta could not show that withdrawing the claim would cause it prejudice. (*See* Tr. 5–6.) Sempra stated that although the Proof of Claim had been filed over a year earlier, Sempra had not appeared or been involved in the case; it further represented that Covanta had previously admitted that the adversarial proceeding was a non-core proceeding and that Covanta had sought to put off discovery until after the debtor's reorganization. (*See id.* at 6–7.)

Covanta's primary argument to the Bankruptcy Court in its opposition brief was that Sempra had waived its right to a jury trial by filing a Proof of Claim and thus allegedly had no good reason to withdraw the claim. (*See generally* Withdrawal Opp.) The Bankruptcy Court questioned Sempra as to whether it had waived its right to the jury trial; while Sempra denied that it had, Sempra also maintained that the jury-trial issue was not relevant to the motion to withdraw the claim. (*See* Tr. at 8–10.) Sempra argued that the dispute over its right to a jury trial was only relevant to the motion to withdraw the reference and that the issue for the

current motion was whether Covanta could show any prejudice. (*See id.*) When the Bankruptcy Court called on Covanta "to demonstrate a little prejudice," Covanta did not attempt to do so; instead it maintained that the burden was on Sempra to show some reason why the claim should be permitted to be withdrawn. (*See id.* at 10–11.) The Bankruptcy Court then denied Sempra's motion to the withdraw the claim. (*Id.* at 11.)[1]

## II.

Federal Rule of Bankruptcy Procedure 3006 provides in relevant part:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim . . . a complaint is filed against that creditor in an adversary proceeding, . . . the creditor may not withdraw the claim except on order of the court. . . . The order of the court shall contain such terms and conditions as the court deems proper.

Fed. R. Bankr.P. 3006 ("Rule 3006"). Rule 3006 thus provides for withdrawal as of right, but because Covanta has filed a complaint in an adversarial proceeding, Sempra's Proof of Claim can only be withdrawn "on order of the court." *Id.* A motion to withdraw a claim in bankruptcy court has been analogized to a motion to withdraw a complaint, and thus the considerations underlying Federal Rule of Civil Procedure 41(a) ("Rule 41(a)") apply to a

motion to withdraw a Proof of Claim. *See In re 20/20 Sport, Inc.*, 200 B.R. 972, 979–80 (Bankr.S.D.N.Y.1996) (citing Advisory Committee Note to Bankruptcy Rule 3006); *Chateaugay Corp.*, 165 B.R. at 132; *see also In re Kaiser Group Int'l, Inc.*, 272 B.R. 852, 855 (Bankr.D.Del.2002).

In determining whether a proof of claim can be withdrawn without prejudice, courts thus consider the following factors: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990) (involving Rule 41(a)(2) motion for voluntary dismissal); *see also 20/20 Sport*, 200 B.R. at 979 (quoting *Zagano* as applying to Rule 3006 motion); *Chateaugay Corp.*, 165 B.R. at 132 (same). As with a Rule 41(a)(2) motion, a motion to withdraw a proof of claim is left to the court's discretion, which is "to be exercised with due regard to the legitimate interests of both [parties]." *20/20 Sport*, 200 B.R. at 979. In general, withdrawal should be granted unless the party opposing the motion can demonstrate that it would be legally prejudiced by the withdrawal. *See id.; see also Lowenschuss*, 67 F.3d at 1399 (stating that Rule 3006 motion depends on showing of legal prejudice by defendant); *Kaiser Group Int'l*, 272 B.R. at 855–56 (applying

---

1. While the Bankruptcy Court appeared to presume that the adversarial proceeding was indeed a non-core matter, it has not officially made that determination. Nor did the Bankruptcy Court actually decide whether Sempra had a right to a jury trial. When Sempra argued that courts in the Second Circuit have held that filing a proof of claim does not automatically waive the right to a jury trial, the Bankruptcy Court responded:

Fine. We are [ ] going to let them say it again in this case then. Because if you're trying to withdraw your Proof of Claim so you will maintain your right to a jury trial, I'm going to make it simple for the District Court. I cannot basically have a jury trial for non-core matters and everybody knows that. So I'm going to basically give you an open book to go before the District Court for a withdrawal of reference.

(Tr. at 9–10.)

Rule 41 standard of "whether the defendant will suffer some actual legal prejudice as a result of the dismissal" and allowing withdrawal of claim subject to certain conditions where no prejudice was shown); *In re Armstrong*, 215 B.R. 730, 732 (Bankr. E.D.Ark.1997) ("Since the general policy under Rule 41(a) is to permit dismissal, withdrawal of a proof of claim should in most instances be permitted unless the result is legal harm to another party in interest." (citation omitted)); *In re County of Orange*, 203 B.R. 977, 982 (Bankr. C.D.Cal.1996) ("The history and case law behind FRBP 3006 supports [the] position that an objecting party must show legal prejudice to prevent the withdrawal of a claim.").

■ In this case, the Bankruptcy Court erred as a matter of law and abused its discretion in not applying the *Zagano* factors and in denying the motion without requiring Covanta to show any prejudice from Sempra's withdrawing its Proof of Claim. The *Zagano* factors, applied to this case, indicate that Sempra should be permitted to withdraw its Proof of Claim. While Sempra waited over a year before filing its motion to withdraw, Covanta has not attempted to explain how that delay prejudiced it in any way. Sempra's representations to the Bankruptcy Court indicate that Sempra has not been involved in the Covanta bankruptcy case at all and that no discovery on either the Proof of Claim or adversarial proceeding has taken place. (*See* Tr. at 4–7.) Withdrawal of the Proof of Claim will not affect Covanta's ability to pursue the claims asserted in the adversarial proceeding, and even if Covanta is ultimately required to try those claims before a jury, that possibility does not constitute legal prejudice. *See 20/20 Sport*, 200 B.R. at 980 (allowing party to withdraw Proof of Claim to preserve right to jury trial and stating that "legal preju-

dice is not visited upon [the debtors] because they might have to try their case to a jury rather than the court") (quoting *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir.1979)).

Rather than attempting to show any prejudice, Covanta has continued to argue that Sempra irrevocably waived its right to a jury trial and thus has no reason for withdrawing its claim. As Sempra points out, it is not necessary for this motion to decide whether Sempra has a right to a jury trial and will be able to preserve it by withdrawing its claim. Any dispute over Sempra's right to a jury trial can be addressed in connection with a motion to withdraw the reference or at some later time when the case is closer to trial. For this motion, the issue is whether Covanta will be prejudiced by the withdrawal, and there is no evidence that it would be. *See, e.g., County of Orange*, 203 B.R. at 982 (finding it unnecessary to decide whether party moving to withdraw claim had waived its right to jury trial, and granting motion because opposing party could not show prejudice).

■ Moreover, it is not clear that Sempra has irrevocably waived any right to a jury trial. In general, a party forsakes its right to a jury trial by filing of a proof of claim with the bankruptcy court. *See Langenkamp v. Culp*, 498 U.S. 42, 43–45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (per curiam); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57–59, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The Court of Appeals for the Second Circuit, however, has found that "neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed." *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir.1993). The Court

of Appeals stated that for the right to be waived, "the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims." *Id.* The conclusion was based on the reasoning that "the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue." *Id.; see also First Fid. Bank, N.A., v. Hooker Inv., Inc. (In re Hooker Inv., Inc.),* 937 F.2d 833, 838 (2d Cir.1991) (stating that party loses right to jury trial by "invoking the bankruptcy court's equitable jurisdiction over the bankruptcy estate to establish the creditor's right to participate in the distribution of the estate").

In this case, Sempra's Proof of Claim, according to its terms, was "protective" in nature and does not on its face assert a right to participate in the distribution of the debtor's estate. (*See* Withdrawal Mot. Ex A. (Proof of Claim, Rider).) The Proof of Claim was filed as a contingent, unliquidated claim in the event that Covanta disputed Sempra's right to terminate the Power Sales Agreement and alleged that the termination violated the automatic stay created by Covanta's chapter 11 filing. (*Id.*) It thus is not clear that the Proof of Claim has implicated the claims-allowance process or could affect the hierarchy of creditor claims. Nor is it clear that the Proof of Claim necessarily converted Covanta's Complaint-which seeks damages based on an alleged breach of contract and breach of guarantee-into an equitable dispute. Under the circumstances, Sempra has a non-frivolous argument that withdrawing its claim could preserve its right to a jury trial in the adversarial proceeding. *See 20/20 Sport,* 200 B.R. at 979 (finding that successful withdrawal of proof of claim restored right to jury trial where debtor's fraudulent conveyance action did not implicate claims-allowance process and was not integral to structure of debtor-creditor relationships).

For the purposes of this motion, the Court need not decide and is not deciding whether Sempra will be able to preserve any right to a jury trial by withdrawing its claim. Sempra, however, has a legitimate interest in seeking withdrawal to preserve its Seventh Amendment right, even if it is ultimately determined that such a right has been forfeited. In any event, under Rule 3006 of the Federal Rules of Bankruptcy Procedure-as governed by the standards applicable to Rule 41(a) of the Federal Rules of Civil Procedure-withdrawal should be permitted unless there is prejudice to the opposing party. Covanta has not shown any prejudice, and thus Sempra should be permitted to withdraw its Proof of Claim without prejudice.

Conclusion

The Bankruptcy Court's order is **reversed,** and the case is **remanded** for further proceedings consistent with this Opinion and Order.

**SO ORDERED.**