**In re NATIONAL TRANSPORT SERVICES, INC., d/b/a Hi-Way Express, Inc., Debtor.**

**James F. DOWDEN, Trustee for National Transport Services, Inc., Plaintiff,**

**v.**

**HARPER, YOUNG, SMITH and MAURRAS, an Arkansas General Partnership, Don A. Smith, Tom Harper, Jr., S. Walton Maurras, Robert Y. Cohen, II, its General Partners, Defendants.**

**Bankruptcy No. 90–12044M.
Adv. No. 92–7673.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

July 2, 1993.

James F. Dowden, Arnold, Grobmyer & Haley, Little Rock, AR, Trustee.

Robert Y. Cohen, II, Harper, Young, Smith & Maurras, Fort Smith, AR, for defendants.

## *ORDER*

JAMES G. MIXON, Chief Judge.

On January 26, 1990, National Transport Services, Inc., d/b/a Hi–Way Express, Inc., (the debtor) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 30, 1990, the case was converted to a Chapter 7 proceeding and James F. Dowden (trustee) was appointed trustee. On October 27, 1992, the trustee filed this adversary proceeding pursuant to 11 U.S.C. § 548(a)(2) (1988), seeking to avoid alleged fraudulent transfers made to the defendants. The defendants Don A. Smith, Tom Harper, Jr., S. Walton Maurras, and Robert Y. Cohen, II, have filed a motion for a jury trial in this proceeding. The trustee opposes the motion.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) (1988). The Bankruptcy Court is the appropriate forum to determine whether there is a right to a trial by jury pursuant to Rule 10(e) of the Local Rules of the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

On March 15, 1990, Harper, Young, Smith & Maurras, a partnership, filed a proof of claim in the debtor's Chapter 11 case. The proof of claim stated that the debtor was indebted to the claimant in the sum of $29,876.72 for legal services performed prior to March 13, 1990. On May 20, 1992, the trustee filed an objection to the claim. On June 15, 1992, Harper, Young, Smith & Maurras filed a motion to withdraw its proof of claim. The motion was granted by an order entered August 5, 1992. The defendants contend that by withdrawing their claim, their right to a jury trial remains intact. The trustee contends that once a proof of claim is filed, a party forever waives its right to a jury trial.

## DISCUSSION

 A defendant in an adversary proceeding arising in a bankruptcy case may be entitled to a jury trial even though the underlying action is considered a "core" matter under 28 U.S.C. § 157 (1988). *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). When determining whether a jury trial right exists, the focus must be whether the action would have been at law or in equity in 18th century England, and whether the remedy sought is equitable or legal in nature. *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. at 2790. If the action is legal, then it must be determined whether it involves a public or private right. If public rights are implicated, the Seventh Amendment right to a jury trial does not apply. *Id.* at 42–43, 109 S.Ct. at 2790–2791. *See also Coated Sales, Inc. v. First E. Bank, N.A. (In re Coated Sales),* 119 B.R. 452, 455 (Bankr.S.D.N.Y.1990). In discussing whether public or private rights are implicated, the Supreme Court relied on *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) and concluded that when an issue "arises as part of the process of allowance and disallowance of claims, it is triable in equity." *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799. The Supreme Court determined that a defendant in a fraudulent conveyance action is entitled to a jury trial as long as it had not submitted to the equitable jurisdiction of the bankruptcy court. *Id.*

In *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court held that a creditor who has participated in the bankruptcy process to the extent of filing a claim for distribution is not entitled to a jury trial on a preference counterclaim. The Court stated:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58–59, and n. 14, [109 S.Ct., at 2799, and n. 14], (citing *Katchen, supra,* [382 U.S.] at 336 [86 S.Ct. at 476]).

If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction. Granfinanciera, supra,* 492 U.S. at 57–58 [109 S.Ct. at 2798–2799]. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U.S. at 58–59 [109 S.Ct. at 2799].

> *Langenkamp,* 498 U.S. at 44–45, 111 S.Ct. at 331 (emphasis in original).

The defendants argue that by withdrawing their claim, they did not participate in the claims-allowance process and did not invoke the equitable jurisdiction of the bankruptcy court. There is some authority for this contention. In *In re New York Shoes, Inc.,* 122 B.R. 668 (E.D.Pa.1991), the district court found that the debtor's complaint against an accounting firm was filed a year after the firm's proofs of claim were waived and disallowed. The accounting firm was not a creditor when the complaint was filed against it. Since the firm was not a creditor, the court held that the debtor's suit against the firm did not arise as part of the process of allowance and disallowance of claims, and therefore the firm was entitled to a jury trial. *Id.* 122 B.R. at 672. However, other courts have failed to follow this proposition, and the correctness of *New York Shoes* has been criticized. *See Glen Eagle Square, Inc. v. Meehan–Weinmann, Inc. (In re Glen Eagle Square),* 132 B.R. 106, 112 (Bankr.E.D.Pa.), *aff'd,* 132 B.R. 115 (E.D.Pa.1991).

Many courts have held that filing a proof of claim has a preclusive effect on a party's right to a jury trial and constitutes "a

618

creditor's complete submission to bankruptcy court jurisdiction." *Glen Eagle Square, Inc. v. Meehan–Weinmann, Inc. (In re Glen Eagle Square),* 132 B.R. 106, 112 (Bankr.E.D.Pa.), *aff'd,* 132 B.R. 115 (E.D.Pa.1991) (citing *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.,* 920 F.2d 1127, 1131 (3d Cir.1990)); *Longo v. McLaren (In re McLaren),* 129 B.R. 480 (Bankr.N.D.Ohio 1991); *Light Foundry Assoc. v. Alter (In re Light Foundry Assoc.),* 112 B.R. 134 (Bankr.E.D.Pa.1990); *Chaplin v. Harbison Group (In re Friedberg),* 106 B.R. 50 (Bankr.S.D.N.Y.1989).

■ The defendants have submitted to the equitable jurisdiction of the bankruptcy court by filing a proof of claim against the bankruptcy estate. There is nothing evident in the case law to indicate that the defendants' submission to jurisdiction is revocable. Therefore, the trustee's fraudulent transfer action is integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. *Granfinanciera, supra,* 492 U.S. at 57–59, 109 S.Ct. at 2798–2799. As such, the defendants have no Seventh Amendment right to a jury trial. The motion for a jury trial is denied.

IT IS SO ORDERED.