940

Don A. SMITH, General Partner; Tom Harper, Jr., General Partner; S. Walton Maurras, General Partner; Robert Y. Cohen, General Partner, Petitioners–Appellants,

v.

James F. DOWDEN, Trustee, Respondent–Appellee.

No. 94–3072.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 6, 1995.

Matthew T. Horan, Ft. Smith, AR, argued, for appellants.

Robert R. Ross, Little Rock, AR, argued, for appellee.

Before BEAM, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WILL, Senior District Judge.*

FLOYD R. GIBSON, Senior Circuit Judge.

Don Smith, Walton Maurras, Robert Cohen, and Thomas Harper, ("the Partners"),

---

* The Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

individual general partners in the law firm Harper, Young, Smith & Maurras ("HYSM") appeal the district court's order affirming the bankruptcy court's denial of their motion for a jury trial. This appeal reaches us via interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1988). We reverse.

## I. BACKGROUND

The material facts are undisputed. HYSM, an Arkansas general partnership, represented five co-defendants, including National Transport Services, Inc. ("NTS"), in a protracted RICO action. Throughout the course of the litigation, HYSM periodically billed NTS for legal services rendered. NTS paid a total of $175,000.00 to HYSM from April 4, 1989, to January 19, 1990.

On January 26, 1990, NTS filed a petition for Chapter 11 bankruptcy, which was converted to a Chapter 7 proceeding on October 30, 1990. On March 15, 1990, HYSM filed a proof of claim for $30,000.00 in unpaid legal fees. On May 20, 1992, the Trustee filed objections to the claim. In response, HYSM moved to withdraw its claim pursuant to Fed.R.Bankr.P. 3006.[1] The bankruptcy court granted HYSM's motion to withdraw on August 5, 1992. On October 27, 1992, the Trustee filed an adversarial proceeding—a Complaint to Avoid Fraudulent Transfer— against HYSM and its general partners.[2]

The Partners filed a motion for trial by jury, which was opposed by the Trustee. The bankruptcy court denied the Partners' motion 156 B.R. 615:

> The defendants have submitted to the equitable jurisdiction of the bankruptcy

court by filing a proof of claim against the bankruptcy estate. There is nothing evident in the case law to indicate that the defendants' submission to jurisdiction is revocable. Therefore, the trustee's fraudulent transfer action is integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction.

Citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26 (1989). The Partners now appeal the district court's order affirming the bankruptcy court's denial of their motion for a jury trial.

## II. DISCUSSION

This appeal raises an issue of first impression in this Circuit: whether a creditor who has successfully withdrawn its claim before the trustee has filed an adversarial proceeding has irrevocably waived its Seventh Amendment right to trial by jury.[3] The Trustee argues that filing a claim against the bankruptcy estate constitutes an irrevocable submission to the equitable jurisdiction of the bankruptcy court and an irrevocable waiver of the claimant's right to a jury trial. The Partners argue that withdrawing a claim before the trustee has filed an adversarial proceeding negates the claim as if it had never been filed, thereby preserving their right to a jury trial. This appeal presents a question of law, which we review *de novo*. *In re H & S Motor Freight, Inc.*, 23 F.3d 1431, 1432 (8th Cir.1994).

### A. Supreme Court Authority

Although neither the Federal Rules of Bankruptcy Procedure nor the Bankrupt-

---

1. Fed.R.Bankr.P. 3006:

 A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an

 authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

2. By a separate order filed on July 2, 1993, the bankruptcy court dismissed the complaint against HYSM, stating that under the laws of Arkansas, a general partnership is not a legal entity subject to suit. The bankruptcy court, however, retained the individual partners as parties to the adversarial proceeding.

3. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const. amend. VII.

cy Code offer any guidance on this issue, the Supreme Court has addressed similar questions. In *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Supreme Court held that the bankruptcy court had equitable jurisdiction to order a creditor who had filed a claim against the bankruptcy estate to surrender voidable preferences without affording the creditor a jury trial. *Id.* at 325, 336, 86 S.Ct. at 470, 476. Katchen, an officer of the bankrupt corporation, had made payments from corporate funds within four months of bankruptcy on corporate notes on which he was an accommodation maker. *Id.* at 325, 86 S.Ct. at 470. After Katchen had filed a claim against the bankruptcy estate, the Trustee filed an adversarial proceeding seeking to avoid the payments as voidable preferences. *Id.* The Court concluded that because the preference action arose "as part of the process of allowance and disallowance of claims, it is triable in equity," and, of course, the Seventh Amendment right to a jury trial would not be applicable. *Id.* at 336, 86 S.Ct. at 476.

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court held that a creditor who had not filed a claim against the estate was entitled to a jury trial on the trustee's fraudulent transfer claim. *Id.* at 36, 109 S.Ct. at 2787. In that case, the bankruptcy trustee filed suit against the creditor, Granfinanciera, to avoid allegedly fraudulent conveyances. *Id.* After the district court referred the case to the bankruptcy court, Granfinanciera requested a jury trial. *Id.* at 36–37, 109 S.Ct. at 2787–88. Because Granfinanciera had not submitted a claim against the bankruptcy estate, the Supreme Court determined that the trustee's fraudulent conveyance action neither arose "'as part of the process of allowance and disallowance of claims,'" *id.* at 58, 109 S.Ct. at 2799 (quoting *Katchen*, 382 U.S. at 336, 86 S.Ct. at 476), nor was "integral to the restructuring of debtor-creditor relations." *Id.* Consequently, the Court concluded that a party could not be divested of its Seventh Amendment right to a jury trial merely because Congress had designated fraudulent conveyance actions "core proceedings" under the Bankruptcy Code. *Id.* at 58–59, 109 S.Ct. at 2799.

Finally, in *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court reaffirmed the principles established in *Katchen* and *Granfinanciera*, restating flatly that "'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.'" *Id.* 498 U.S. at 45, 111 S.Ct. at 331 (quoting *Granfinanciera*, 492 U.S. at 58, 109 S.Ct. at 2799). The Court determined that the creditors in that case were not entitled to a jury trial because they had filed claims against the bankruptcy estate, "thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court." *Id.* The Court went on to observe, "[i]f a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover alleged preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial." *Id.* (citing *Granfinanciera*, 492 U.S. at 58–59, 109 S.Ct. at 2799).

In each of these decisions, however, the trustee commenced an adversarial proceeding in response to the creditor's pending claim. None of these decisions addresses the revocability or irrevocability of a claim that has been withdrawn prior to the initiation of adversarial proceedings. The Supreme Court has reiterated that, "[i]f a creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331 (citing *Granfinanciera*, 492 U.S. at 58–59, 109 S.Ct. at 2799 (citing *Katchen*, 382 U.S. at 336, 86 S.Ct. at 476)). This statement, however, begs the question of whether the creditor who has already withdrawn his claim has, in fact, been "met" by the trustee's adversarial proceeding.

## B. Federal Rule of Civil Procedure 41(a)

In order to determine the effect of the withdrawal of a claim pursuant to Fed. R.Bankr.P. 3006, we look to analogous provisions of the Federal Rules of Civil Proce-

dure. We believe the situation to be comparable to the voluntary dismissal of a claim pursuant to Fed.R.Civ.P. 41(a).[4] Courts have traditionally analogized a creditor's claim to a civil complaint, a trustee's objection to an answer, and an adversarial proceeding to a counterclaim. *E.g., Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2d Cir.1962). Rule 3006 is nearly identical to Fed.R.Civ.P. 41(a), and was, in fact, originally derived from that rule. *See* Advisory Committee Note (1983); *8 Colliers on Bankruptcy,* ¶ 3006.02 at 3006–3 (15th ed. 1994).

 The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) "is to render the proceedings a nullity and leave the parties as if the action had never been brought." *In re Piper Aircraft Distrib. Sys. Antitrust Litig.,* 551 F.2d 213, 219 (8th Cir. 1977). The jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim. *See Safeguard Business Sys., Inc. v. Hoeffel,* 907 F.2d 861, 864 (8th Cir.1990). A plaintiff's ability to have his action dismissed with impunity pursuant to Rule 41(a) is foreclosed only when the defendant has filed a counterclaim prior to the dismissal of the action. Fed.R.Civ.P. 41(a)(2).[5] We believe that the successful withdrawal of a claim without conditions under Rule 3006 dictates the same result.

We conclude that the successful withdrawal of a claim pursuant to Fed.R.Bankr.P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought. Having concluded that we must treat the Partners' claim as if it had never been filed, this case is squarely controlled by the Supreme Court's decision in *Granfinanciera.* Because the Partners have not submitted to the equitable jurisdiction of the bankruptcy court, the Trustee's fraudulent transfer action does not arise "as part of the process of allowance and disallowance of claims," 492 U.S. at 58, 109 S.Ct. at 2799 (quotation omitted), and cannot be fairly characterized as "integral to the restructuring of debtor-creditor relationships." *Id.* As such, the Partners retain the right to a jury trial on the Trustee's fraudulent transfer action. *Id.* at 57–59, 109 S.Ct. at 2798–99.

We do not believe that our decision today will seriously impede the ability of the bankruptcy court to efficiently adjudicate claims against the bankruptcy estate. If the bankruptcy court wishes to retain jurisdiction over a claim, it need only include specific language to that effect in its order granting the creditor's motion to withdraw his claim, or delay the dismissal of the creditor's claim

**4.** Fed.R.Civ.P. 41(a):

(1) Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the *plaintiff* without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. *Unless otherwise stated in the no-* tice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) Except as provided in subparagraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant

prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. *Unless otherwise specified in the order,* a dismissal under this paragraph is without prejudice.

**5.** We note that under both rules, the plaintiff/creditor is entitled to voluntary dismissal of his claim by right any time before the defendant/trustee has filed an answer/objection simply by filing a notice of dismissal. Fed.R.Civ.P. 41(a); Fed.R.Bankr.P. 3006. Once the defendant/trustee has filed an answer/objection, however, the plaintiff/creditor is entitled to voluntary dismissal of his action only by leave of the court. *Id.* Because the bankruptcy court granted the Partners' motion to withdraw their claim pursuant to Fed.R.Bankr.P. 3006, the fact the motion was filed prior to the initiation of the adversarial proceeding is essential to our holding. The fact that the motion to withdraw was filed after Trustee's objection is immaterial in this case.

**944**

until the trustee has had an opportunity to file an adversarial claim.

### III. CONCLUSION

In the absence of language in the court's order specifically retaining jurisdiction, the successful withdrawal of a creditor's claim prior to the initiation of an adversarial proceeding by the trustee renders the withdrawn claim a legal nullity for purposes of submission to the equitable jurisdiction of the bankruptcy court. Accordingly, we conclude that the Partners did not irrevocably waive their Seventh Amendment right to trial by jury. Therefore, we reverse the district court's order affirming the bankruptcy court's denial of the Partners' motion for a jury trial and remand this case to the district court for a jury trial.