**In re COUNTY OF ORANGE, a political subdivision of the State of California.**

**Bankruptcy No. SA 96–22272 JR.**

United States Bankruptcy Court,
C.D. California.

Nov. 27, 1996.

Bruce Bennett and Michael Swartz of Hennigan, Mercer & Bennett, Los Angeles, CA, for County of Orange.

Geoffrey L. Thomas and Donald L. Morrow of Paul, Hastings, Janofsky & Walker, Los Angeles, CA, for The McGraw–Hill Companies, Inc., d/b/a Standard & Poor's Ratings Services.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

McGraw–Hill Companies ("McGraw") brought this motion (the "Motion") to withdraw the proof of claim (the "Claim") which it had filed in this bankruptcy case. McGraw's stated purpose in bringing the Motion is to deny this court jurisdiction to adjudicate the counterclaims asserted by the County of Orange (the "County") in its complaint. Additionally, by the withdrawal of the Claim, McGraw seeks to unwind any implied consent to trial without a jury. The County opposed the Motion arguing that McGraw should not be allowed to limit this court's jurisdiction or recover any right to a jury trial by withdrawing the Claim.

After reviewing the pleadings and hearing oral arguments, I took the matter under submission.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (1996) (the district courts shall have original and exclusive jurisdiction of all cases under title 11), 28 U.S.C. § 157(a) (1996) (authorizing the district courts to refer all title 11 cases and proceedings to the bankruptcy judges for the respective districts), and General Order No. 266, dated October 9, 1984 (referring all title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (2)(B) (1996).

## STATEMENT OF FACTS

On December 6, 1994, the County filed a chapter 9 bankruptcy petition. On June 9, 1995, Standard & Poor's ("S & P"), an unincorporated division of McGraw, filed the Claim in this court. The Claim is for $65,000 and states that it is for analytical services rendered in connection with the County's offering of approximately $975 million in notes in the summer of 1994.

On May 17, 1996, the County confirmed its Second Amended Plan of Adjustment (the "Plan"). On June 11, 1996, the County filed an adversary proceeding against S & P. In the complaint (the "Complaint"), the County denied any liability under the Claim[1] and asserted counterclaims against S & P based on breach of contract, professional negligence, and aiding and abetting breach of a fiduciary duty (the "Counterclaims"). On June 12, 1996, the Plan became effective.

---

1. The three affirmative claims for relief in the complaint are: for disallowance of the Claim under 11 U.S.C. § 502(b); for setoff under 11 U.S.C. § 502(b); and for equitable subordination under 11 U.S.C. § 510(c)(1).

On August 12, 1996, McGraw filed with the United States District Court a motion to have the reference withdrawn with respect to the Complaint.[2] On August 29, 1996, McGraw filed a motion to dismiss the Complaint in this court.

On August 30, 1996, McGraw filed the Motion seeking to withdraw the Claim that it filed in the County's bankruptcy. In the Motion, McGraw argues that it should be allowed to withdraw the Claim to avoid a "jurisdiction by ambush" in light of the Counterclaims. McGraw contends that withdrawal of the Claim is necessary to remove any doubt that this court does not have jurisdiction to adjudicate the Counterclaims and McGraw's alleged Constitutional defenses.

In opposition, the County notes that McGraw readily admits that the purpose of the Motion is to avoid the consequences attached to the filing of the Claim. According to the County, the filing of the Claim constituted consent to the core jurisdiction of this court and a waiver of McGraw's right to a jury trial with respect to the adjudication of the Counterclaims.[3]

On October 17, 1996, the District Court granted McGraw's motion to withdraw the reference. According to the District Court's order, the withdrawal of reference becomes effective as soon as this court rules on McGraw's motion to dismiss.[4] Prior to ruling on McGraw's motion to dismiss, this court needs to render this decision with regards to McGraw's motion to withdraw the Claim.

On October 2, 1996, I heard oral arguments from the parties on the Motion. I took the matter under submission and indicated that a written opinion disposing of the Motion would follow.

## DISCUSSION

### I. BY FILING THE CLAIM, McGRAW SUBMITTED TO THE SUMMARY JURISDICTION OF THE BANKRUPTCY COURT.

In *Katchen v. Landy*, 382 U.S. 323, 330, 86 S.Ct. 467, 473, 15 L.Ed.2d 391 (1966), the Supreme Court held that a creditor who files a claim submits itself to the summary jurisdiction of the bankruptcy court. *Id.* The Court emphasized that Congress chose to grant bankruptcy courts the power to determine summarily claims against the estate in order to secure the prompt and effectual administration and settlement of the estates of all bankrupts. *Id.* at 329–30, 86 S.Ct. at 472–73; *see also generally Wiswall v. Campbell*, 93 U.S. 347, 350–51, 23 L.Ed. 923 (1876); *United States Fidelity & Guaranty Co. v. Bray*, 225 U.S. 205, 218, 32 S.Ct. 620, 625, 56 L.Ed. 1055 (1912).

The Court noted that the reality is that the bankruptcy court adjudicates creditor interests in the estate res and has summary jurisdiction to adjudicate controversies regarding rights to estate property within the actual or constructive possession of the court. *Katchen*, 382 U.S. at 328–30, 86 S.Ct. at 471–73. The Court also stated that although a creditor may have a right to a jury trial on a preference action, when the issue arises out of the process of allowance and disallowance

---

**2.** The motion to withdraw the reference was made on the mandatory ground that S & P has First Amendment defenses to the Counterclaims which the District Court needed to adjudicate. Additionally, McGraw argued that permissive withdrawal was appropriate because: the County's bankruptcy was effectively over; frequent de novo review by the district court of all the significant rulings by this court would be required anyway; S & P has a right to a jury trial; and judicial economy favored withdrawal to avoid duplication and increased expenses from litigating in two different forums.

**3.** As a practical matter, because the District Court granted McGraw's motion to withdraw the reference, the issue of core jurisdiction is moot.

**4.** *See* Order Granting Motions to Withdraw the Reference, United States District Court, Judge Taylor, October 17, 1996, at n. 1 ("In case SACV 96–765 GLT, *County v. McGraw Hill*, the withdrawal shall take effect upon the filing of the bankruptcy court's ruling on the argued and submitted motion to dismiss, or upon further order of this court."). *See also* Civil Minute Order of October 30, 1996 re Defendant's Request for Clarification, United States District Court, Judge Taylor ("As the footnote states, the bankruptcy court is to go ahead and rule on the submitted motion to dismiss and the withdrawal will take effect after that ruling is filed.").

of claims, that preference action is triable in equity. *Id.* at 338–40, 86 S.Ct. at 477–78.[5]

The Supreme Court further clarified this jury trial issue in *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990), by holding that a creditor who files a claim and is later sued by a trustee in bankruptcy to recover allegedly preferential transfers is not entitled to a jury trial. *Id.* In *Langenkamp*, the Court stated that "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Id.* (quoting *Granfinanciera*, 492 U.S. at 58–59 & n. 14, 109 S.Ct. at 2799 & n. 14).

The Court viewed the ensuing preference action as "integral to the restructuring of the debtor-creditor relationship." *Id.* Without the filing of the claim, the preference action is legal in nature and the defendant has a right to a jury trial. *Id.*

█ It is clear from the Supreme Court's rulings that by filing the Claim, McGraw submitted to the summary jurisdiction of this court to determine the allowance and disallowance of the Claim and to adjudicate the Counterclaims. These proceedings are integral to the restructuring of the debtor-creditor relationship between the County and McGraw.

However, the case law cited above does not address the issue of what happens when the creditor, like McGraw, files a motion to withdraw its proof of claim.

## II. THE COUNTY HAS NOT DEMONSTRATED LEGAL PREJUDICE; THEREFORE, THE MOTION IS GRANTED.

Both McGraw and the County agree that Federal Rule of Bankruptcy Procedure

("FRBP") 3006 controls the issue of whether McGraw should be permitted to withdraw the Claim. FRBP 3006 provides, in part:

> If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim **except on the order of the court after a hearing.... The order of the court shall contain such terms and conditions as the court deems proper....**

Fed.R.Bank.P. 3006 (emphasis added).

In support of the Motion, McGraw cites *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1399 (9th Cir. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996), as the leading case in the Ninth Circuit regarding the withdrawal of a proof of claim. In *Lowenschuss*, the bankruptcy court denied Resort International's ("Resort") request to withdraw its proof of claim on the condition that it could refile the claim if the order exempting certain pension plan assets was later overruled on appeal.[6] The bankruptcy court ordered that the objection to Resort's claim should go forward unless Resort unconditionally withdrew its proof of claim. Based on this ruling, Resort withdrew its claim unconditionally.

On appeal, the district court reversed holding that the refusal to allow the conditional withdrawal was an abuse of discretion by the bankruptcy court. The Ninth Circuit, affirming the district court, held that when "deciding whether to grant a voluntary dismissal [of a proof of claim], a trial court must consider whether the defendant will suffer legal prejudice as a result of the court's

---

5. It should be noted that *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), is not relevant to the *Katchen* analysis. In *Granfinanciera*, the Court held that the defendant (Granfinanciera) to a fraudulent transfer action brought by the chapter 11 trustee had a right to a jury trial. The fraud action did not arise "as part of the process of allowance and disallowance of claims." *Id.* at 36, 109 S.Ct. at 2787. However, the Court specifically distinguished the situation in *Granfinanciera* from

*Katchen*, because in *Granfinanciera* the creditor had not filed a proof of claim in the defendant's bankruptcy. *Id.* at 57–59, 109 S.Ct. at 2798–800.

6. It did not make sense for Resort to pursue its proof of claim because its primary claim was against the pension plan and the bankruptcy court had denied the debtor's request for a plan provision generally releasing non-debtors like the pension plan. *Lowenschuss*, 67 F.3d at 1397–98.

dismissal."[7] *Id.* at 1399; *see also Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir.1994); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976) ("[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit.").

Based on a review of the record, the Ninth Circuit determined that there was no evidence that Lowenschuss (the debtor) would have been legally prejudiced by a dismissal of the proof of claim. *Lowenschuss,* 67 F.3d at 1400. The court reaffirmed that the "inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice." *Id.* at 1400–01 (citation omitted).

McGraw argues that the County will not be legally prejudiced by the withdrawal of the Claim, because the adversary action has just commenced and no answer has even been filed. Additionally, McGraw notes that the withdrawal will reduce the County's debt under the Plan. Moreover, the withdrawal will not delay or hinder the adjudication of the Counterclaims.

In opposition to the Motion, the County argues two positions. First, the County argues that by filing the Claim, McGraw waived its right to a jury trial on the Counterclaims. *See* Dbtr.'s Opp. McGraw's Mot. Withdraw Proof Clm. at 4, 9–10. Second, the County contends that it will suffer legal prejudice if the Motion is granted.

A. The County's Argument Concerning McGraw's Waiver of a Jury Trial Right is Left to the District Court.

The County contends that it does not have to show prejudice for this court to deny the Motion. The County notes that FRBP 3006 is governed under the same principles of FRCP 41(a)(2).[8] *See Lowenschuss,* 67 F.3d

at 1399. The County argues that a plaintiff (claimant) should not be allowed to dismiss a complaint (withdraw a claim) to deprive a court of jurisdiction to adjudicate a counterclaim brought by a defendant (debtor).

For support of this argument, the County relies on *Smith v. Dowden,* 47 F.3d 940, 943 (8th Cir.1995), where, after reviewing FRBP 3006 in light of FRCP 41(a)(2), the court found that the withdrawal of a claim before the trustee's initiation of an adversary proceeding rendered the claim a legal nullity (as if the claim had not been filed). *Id.* Therefore, the Eight Circuit held that the creditor-defendant had not submitted to the equitable jurisdiction of the bankruptcy court for the determination of a fraudulent transfer action and the defendant retained the right to a jury trial. *Id.* The court commented that if the bankruptcy court had wished to retain jurisdiction over the claim, it could have conditioned the order of withdrawal accordingly or delayed the dismissal until the trustee had an opportunity to file the adversary proceeding. *Id.* at 943–44.

The County also cites *Collier on Bankruptcy* to support its contention that a creditor should not be allowed to deprive a bankruptcy court of core jurisdiction over a counterclaim by withdrawing a proof of claim.[9] *Collier* states that "[i]f the filing of a claim expands the authority of the bankruptcy court, the creditor should not be able to restrict it by withdrawing the claim once a counterclaim is before the court." 8 *Collier on Bankruptcy* ¶ 3006.03, text accompanying notes 7–7a (15th ed. 1996) (footnotes omitted).

Because there was no counterclaim filed in *Lowenschuss* (the case relied on by McGraw), the County argues that *Lowenschuss* is distinguishable.

---

7. The Ninth Circuit noted that a determination under FRBP 3006 is governed by the same considerations underlying Federal Rule of Civil Procedure ("FRCP") 41(a)(2). *Lowenschuss,* 67 F.3d at 1399.

8. FRCP 41(a)(2) states, in relevant part:
   If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of

the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.
Fed.R.Civ.P. 41(a)(2).

9. *See* Dbtr.'s Opp. McGraw's Mot. Withdraw Proof Clm. at 5–6.

In circumstances in which a counterclaim has been filed, neither the text of Rule 3006 nor the case law supports a requirement of 'legal prejudice' in applying Rule 3006 (or its Civil Rule predecessor) in a situation in which withdrawal of a claim might impact the Bankruptcy Court's jurisdiction in the manner sought by S & P [McGraw]. The existence of a counterclaim distinguished the Lowenschuss decision relied upon by S & P.

Dbtr.'s Opp. McGraw's Mot. Withdraw Proof Clm. at 7.

■ The County's waiver argument is for the most part moot, because of the District Court's granting of the withdrawal of reference.[10] The only issue that remains is whether McGraw waived its right to a jury trial on the Counterclaims. I leave this matter for the District Court to decide, because it ultimately will have to try this case. However, the waiver argument does not prevent this court from ruling on the Motion.

B. The County has not Demonstrated That it Will be Legally Prejudiced if the Court Grants the Motion.

■ The County claims that it will suffer legal prejudice if this court grants the Motion. The County asserts that an unconditional withdrawal of the Claim will cause the County two specific injuries:

1. McGraw's consent to the Bankruptcy Court's core jurisdiction, including the power to enter final orders and judgments, may *conceivably* be deemed withdrawn; and

2. McGraw's consent to the waiver of its right to a jury trial may *conceivably* be deemed withdrawn.

Dbtr.'s Opp. McGraw's Mot. Withdraw Proof Clm. at 8 (emphasis in original).

■ The history and case law behind FRBP 3006 supports McGraw's position that an objecting party must show legal prejudice to prevent the withdrawal of a claim. This makes sense. Otherwise, a great deal of time, effort, and expense might be wasted in meaningless claims litigation. McGraw is willing to waive any recovery against the County on the Claim. The withdrawal of the Claim is with prejudice.

■ Legal prejudice is not satisfied by the inconvenience of facing a second lawsuit, loss of choice of forum, loss of a tactical advantage, and dismissal at an early stage of the proceeding. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir.1982); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir.1990); *Westlands Water Dist. v. Patterson*, 900 F.Supp. 1304, 1311 (E.D.Cal.1995).

■ The loss of a right to try the Counterclaims to a jury, although possibly a tactical disadvantage, is not legal prejudice. *Templeton*, 901 F.2d at 1275. Assuming the County has loss this right by granting the Motion, the County has not suffered legal prejudice. Additionally, as previously noted, the loss of this court's core jurisdiction is moot because the District Court has granted McGraw's motion to withdraw the reference. Therefore, this factor is irrelevant in weighing legal prejudice to the County.

As noted by McGraw, the adversary case is still extremely new. McGraw has not even filed an answer. No legal prejudice results against the County from granting the Motion.

## CONCLUSION

The County, in opposing the Motion, must show legal prejudice. The jurisdiction of this court is no longer at issue given the withdrawal of reference and transfer of the adversary proceeding to the District Court. The potential loss of the right to try the Counterclaims before the district court judge instead of a jury is not legal prejudice. Accordingly, the Motion is granted.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This Memorandum Opinion shall con-

---

10. In opposing the Motion, the County was concerned that I would not have core jurisdiction over the Counterclaims if the Claim was with- drawn. This is no longer an issue because the district court has withdrawn the reference and will try the proceeding.

stitute my findings of fact and conclusions of law.