**In re EXDS, INC. (f/k/a Exodus Communications, Inc.), et al., Debtors.**

**EXDS, Inc. (f/k/a Exodus Communications, Inc.), Plaintiff,**

**v.**

**RK Electric, Inc., Defendant.**

**Bankruptcy No. 01–10539(PJW).**

**Adversary No. 03–50426(PJW).**

United States Bankruptcy Court, D. Delaware.

Oct. 31, 2003.

Mark Minuti, Jeremy W. Ryan, Saul Ewing LLP, Wilmington, DE, Jeffrey A. Koppy, Brian H. Meldrum, Peter A. Siddiqui, Jenner & Block, LLC, Chicago, IL, for EXDS, Inc. and the EXDS Plan Administrator.

James E. Huggett, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE, Morton R. Branzburg, Carolyn Hochstadter Dicker, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Philadelphia, PA, Catherine G. Boscoff, Aherne Leonidou & Rosin, San Francisco, CA, for RK Electric, Inc.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This is the court's opinion in the above-captioned adversary proceeding on the plaintiff EXDS, Inc.'s ("EXDS") motion (Doc. # 16) to strike the defendant RK Electric, Inc.'s ("RK") jury demand. This opinion also deals with the motion (Doc. # 2563) filed by RK in EXDS's Chapter 11 case seeking leave to withdraw a proof of claim. For the reasons discussed below, I will grant EXDS's motion to strike RK's jury demand.

## BACKGROUND

The essential facts are brief and undisputed. EXDS filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 16, 2001. EXDS scheduled an unsecured nonpriority claim in favor of RK in the amount of $131,191. Pursuant to court order, EXDS duly notified its creditors of the need to file proofs of claim prior to the bar date of April 12, 2002. On April 5, 2002 RK filed a proof of claim in the amount of $189,199.50. On June 5, 2002 this court confirmed the Second Amended Joint Plan of Reorganization of EXDS. Pursuant to the Plan, EXDS and a plan administrator retained authority to prosecute avoidance actions. On July 22, 2002 EXDS made a preference recovery demand on RK. On January 23, 2003 EXDS commenced the adversary proceeding to avoid and recover $615,879.01 in alleged preferential transfers made to RK. RK answered the complaint on March 24, 2003 and demanded a jury trial. Over a year after it filed its proof of claim, on May 29, 2003, RK filed its motion in the chapter case seeking leave to withdraw its proof of claim. On June 30, 2003 EXDS filed its motion to strike the jury demand. Both EXDS's motion and RK's motion have been fully briefed.

## DISCUSSION

EXDS's motion to strike the jury demand and RK's motion for leave to withdraw its proof of claim involve essentially the same legal issue: By reason of filing its proof of claim, did RK submit itself to the exclusive jurisdiction of the bankruptcy court—where there is no right to a jury trial—without the right to divest that jurisdiction?

A claimant's right to withdraw a proof of claim is governed by Federal Rule of Bankruptcy Procedure 3006 which provides as follows:

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint

is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

As provided by Bankruptcy Rule 3006, because EXDS filed the adversary complaint subsequent to RK filing its proof of claim, RK must seek authorization from the Court to withdraw its claim. It is undisputed that RK filed the motion to withdraw the claim in order to have its right to a jury trial reinstated. Thus, RK seeks to nullify the effect of having filed the proof of claim, i.e., it is seeking to have a right to a jury trial in the adversary proceeding just as if it had never filed a proof of claim in the chapter case.

▮ In considering a motion to withdraw a proof of claim, courts look to cases under Fed.R.Civ.P. 41, dealing with voluntary dismissal of lawsuits, for guidance. *See In re Kaiser Group Int'l, Inc.,* 272 B.R. 852, 855 (Bankr.D.Del.2002). "Factors pertinent to a Rule 41 analysis include diligence in pursuing withdrawal of the claim, undue vexatiousness, the extent the [claim] has 'progressed,' duplication of litigation expense, explanation of the need to withdraw, delay in prosecution of the [claim], prejudice to others and the importance of the claim to the reorganization effort." *Collier on Bankruptcy* ¶ 3006.01 (15th ed. rev.).

▮ RK argues that these factors weigh in favor of granting its motion to withdraw its claim. EXDS argues to the contrary. However, preliminary to addressing those factors, EXDS argues that a withdrawal of the claim at this stage of the proceeding cannot result in a reinstatement of RK's right to a jury trial. I agree that withdrawal of the claim does not divest this court of jurisdiction over the adversary proceeding. Consequently, I will address only that issue and not address the various factors that the courts consider in applying Fed.R.Civ.P. 41 to Bankruptcy Rule 3006.

At the outset, it should be noted that RK cites case law authority in support of its position that having to try a case before a jury rather than a court is not a factor prejudicial to the non-moving party in the court's determination as to whether to grant the motion under Bankruptcy Rule 3006. *Cf. In re Armstrong,* 215 B.R. 730 (Bankr.E.D.Ark.1997); *In re County of Orange,* 203 B.R. 977 (Bankr.C.D.Cal. 1996); *In re 20/20 Sport, Inc.,* 200 B.R. 972 (Bankr.S.D.N.Y.1996); and *In re Bonham,* 1998 WL 906566, 1998 Bankr.LEXIS 1661 (Bankr.D.Alaska Dec. 23, 1998). As discussed below, I do not believe that the issue before me turns on the application of Bankruptcy Rule 3006. Furthermore, as discussed later in this opinion, I am not convinced that the cited cases should be followed on the Bankruptcy Rule 3006 prejudice factor for which they are cited by RK.

The starting point for the discussion of the issue before me is an examination of what the Supreme Court and the Third Circuit Court of Appeals have said regarding the interplay between the claimant's filing a proof of claim in the chapter case and the trustee's filing of an avoidance action against the claimant.

In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court held that a creditor who files a claim against the bankrupt and then is sued by the trustee in an avoidance action becomes subject to the equity jurisdiction of the bankruptcy court where there is no right to a jury trial. In *Langenkamp* the Supreme Court held as follows:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58–59, and n. 14, 109 S.Ct. 2782, 106 L.Ed.2d 26 (citing *Katchen v. Landy, supra*, 382 U.S. 323, 336, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction. Granfinanciera, supra*, at 57–58. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U.S., at 58–59, 109 S.Ct. 2782.

*Id.* at 44–45, 111 S.Ct. 330.

While EXDS argues that RK "waived" its right to a jury trial, it is worth noting that the Supreme Court does not speak in terms of a waiver of that right. It speaks in terms of the equity jurisdiction—where there is no right to a jury trial—being triggered by the filing of a claim in the chapter case. That is the situation here.

In *Travellers International AG v. Robinson*, 982 F.2d 96 (3d Cir.1992), the Third Circuit followed *Langenkamp* in holding that a creditor (Travellers) who filed a proof of claim had no right to a jury trial in the preference action. *Id.* at 100. While the Third Circuit's opinion at several points speaks in terms of a waiver of the right to a jury trial, at other points in the opinion it makes it clear, as did the Supreme Court, that it is not just a matter of waiver. Specifically, the Third Circuit found that "*Langenkamp* clearly holds that *once a creditor files a claim* against the bankruptcy estate, he *loses* his right to a jury trial in regard to an underlying preference action." *Id.* at 99 (emphasis added). Elsewhere in the opinion, the Third Circuit found "that Travellers' right to a jury trial has been *foreclosed* by the Supreme Court's holding in *Langenkamp.*" *Id.* at 98 n. 3 (emphasis added). Finally, the Third Circuit concluded that "[t]he Supreme Court's holdings in *Granfinanciera* and *Langenkamp* leave no doubt that the equitable jurisdiction of the bankruptcy court is *exclusive* when its jurisdiction has been invoked by the filing of a claim." *Id.* at 100 (emphasis added).

In contrast to *Langenkamp*, several aspects of the Third Circuit's *Travellers* opinion are worth noting.

(1) Unlike in *Langenkamp*, the creditor in *Travellers* filed its proof of claim after the adversary complaint was filed. *Id.* at 97. As in most Chapter 11 cases, including the case before me, the debtor files a motion to establish a bar date. The bar date notice in *Travellers,* and in the case before me, notified creditors that if they did not agree with the debtor's scheduling of their claim, they were required to file a

proof of claim and failure to file a proof of claim would be a bar to any recovery on that claim. The Third Circuit did not seem to be bothered that, arguably, the bar date notice could be viewed as requiring a claimant with a disputed claim to proceed in the bankruptcy court by filing a proof of claim. Nor did the Third Circuit comment on the fact that in *Travellers* the claim was filed after the preference action, whereas in *Langenkamp* the filing of the claim preceded the preference action.

(2) In its proof of claim, Travellers asserted that by that filing, it was not waiving its demand for a jury trial in the then pending adversary proceeding. Furthermore, because it would not have a claim against the debtor if it was successful in defeating the debtor's preference action, Travellers argued that it was entitled to a jury trial because the proof of claim it filed was a "contingent" claim. *Id.* at 99. Neither its disclaimer of a waiver nor its argument regarding the contingent nature of its proof of claim was found by the Third Circuit to alter the outcome. Because of the filing of the proof of claim, the Third Circuit found that the creditor became subject to the exclusive jurisdiction of the bankruptcy court where there is no right to a jury trial.

That *Langenkamp* law is not merely a matter of waiver, was emphasized by the court in *Germain v. Connecticut National Bank,* 988 F.2d 1323, 1330 (2nd Cir.1993) where it observed:

> For a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue.

Given the clear directive of *Langenkamp,* I do not believe it makes any differ-ence on the jury trial issue whether I authorize RK to withdraw its proof of claim. At the time of the filing of the adversary complaint, RK was subject to the jurisdiction of this court where there is no right to a jury trial. In the words of *Langenkamp,* RK submitted itself to the "claims-allowance process" of the equity court. Stated differently, in the words of the *Travellers* opinion, RK lost its right to a jury trial because it elected to participate in the equity court proceeding. Given the unequivocal language of *Langenkamp* and *Travellers* as to the effect of filing a proof of claim, I do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim. RK's position here is akin to the situation in *Travellers* where Travellers argued that its claim was contingent, i.e., subject to being mooted at a later date.

In an analogous situation, the court in *In re Sea Island Cotton Trading, Inc.,* 2000 WL 33952877, at *2–3 (Bankr.S.D.Ga. July 25, 2000) found that "[d]efendants submitted themselves to the jurisdiction of this court by filing proofs of claim in the bankruptcy case. The subsequent assignment of the claim does not divest this court of jurisdiction over Defendants." Another analogous situation is found in *In re Barrett Refining Corp.,* 221 B.R. 795 (Bankr.W.D.Okla.1998). There the court held that the State of Mississippi relinquished any right of sovereign immunity by filing a proof of claim even where that proof of claim stated that the State "reserved" state sovereign immunity.

In the matter before me, as in the *Langenkamp* case, the proof of claim was filed before the avoidance action was commenced. That fact pattern suggests a result similar to that involving federal jurisdiction based on diversity. Federal diversity jurisdiction depends on the citi-

zenship of the parties at the time suit is filed. *See, e.g., Anderson v. Watt,* 138 U.S. 694, 702–03, 11 S.Ct. 449, 34 L.Ed. 1078 (1891)("And the [jurisdictional] inquiry is determined by the condition of the parties at the commencement of the suit."); *see also Minneapolis & St. Louis R.R. Co. v. Peoria & Pekin Union R.R. Co.,* 270 U.S. 580, 586, 46 S.Ct. 402, 70 L.Ed. 743 (1926) ("The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought."). In the matter before me, when the avoidance action complaint was filed, RK had already subjected itself to the jurisdiction of this bankruptcy court.

In support of its position, RK cites *Smith v. Dowden,* 47 F.3d 940 (8th Cir. 1995) where the creditor was allowed to withdraw its claim prior to the filing of the adversary proceeding, thus preserving a right to a jury trial in the adversary proceeding. In *Smith* the court of appeals ruled as follows:

> We conclude that the successful withdrawal of a claim pursuant to Fed. R. Bankr.P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought.

*Id.* at 943.

Obviously, the factual sequence in *Smith* is different from the one here where the adversary proceeding was commenced prior to the withdrawal of the proof of claim. The factual sequence in *Smith* was as follows: (1) petition filed; (2) creditor filed proof of claim; (3) trustee filed objection to proof of claim; (4) creditor moved to withdraw proof of claim; (5) bankruptcy court granted the withdrawal motion; (6) trustee filed avoidance action complaint. While the *Smith* decision seems consistent with *Langenkamp* (but not necessarily with *Travellers*) it is worth noting that the

court of appeals found that the bankruptcy court below could have retained jurisdiction.

> We do not believe that our decision today will seriously impede the ability of the bankruptcy court to efficiently adjudicate claims against the bankruptcy estate. If the bankruptcy court wishes to retain jurisdiction over a claim, it need only include specific language to that effect in its order granting the creditor's motion to withdraw his claim, or delay the dismissal of the creditor's claim until the trustee has had an opportunity to file an adversarial claim.

*Id.* at 943–44.

Thus, I find the *Smith* decision supports the result I reach here.

As noted at the outset of this opinion, in making its Bankruptcy Rule 3006 argument, RK cites to four bankruptcy court opinions for the proposition that the "legal prejudice" which would warrant denial of the motion to withdraw its claim does not include having to try a case before a jury rather than a court. Although in reaching my conclusion, as stated above, I do not have to address the application of Bankruptcy Rule 3006, I am not persuaded by those four decisions on the Bankruptcy Rule 3006 issue.

As to *In re County of Orange,* 203 B.R. 977, I do not find that it supports RK. Indeed I believe it supports the conclusion I stated above. The court simply stated that "[a]ssuming the County has loss [sic] this right [to a jury trial] by granting the motion, the County has not suffered legal prejudice." *Id.* at 982. But the court did not rule on the issue. Because the district court had already withdrawn the reference as to the adversary proceeding, the bankruptcy court deferred to the district court: "The only issue that remains is whether McGraw waived its right to a jury trial on

the Counterclaims. I leave this matter for the District Court to decide, because it ultimately will have to try this case." *Id.* at 982. Thus, the court granted the motion to withdraw the claim but left it to the district court to decide whether a jury trial right existed. The clear implication is that the bankruptcy court did not believe that the withdrawal of the claim divested bankruptcy jurisdiction.

The other three decisions do not contain any significant discussion of the "legal prejudice" proposition. *In re Bonham,* 1998 WL 906566, 1998 Bankr.LEXIS 1661, cites to *In re County of Orange,* 203 B.R. 977, and *In re 20/20 Sport, Inc.,* 200 B.R. 972. *In re 20/20 Sport, Inc.* cites to *Hoffmann v. Alside, Inc.,* 596 F.2d 822, 823 (8th Cir.1979). *In re Armstrong,* 215 B.R. 730, likewise cites to *Hoffmann v. Alside, Inc.* This leads me to a discussion of *Hoffmann v. Alside, Inc.*—a non-bankruptcy law case.

In *Hoffmann v. Alside,* the plaintiff requested a jury trial. The court denied the request as untimely. Thereafter, with leave of court, the plaintiff dismissed the action without prejudice. The defendants moved to have the dismissal amended to preclude the plaintiff from seeking a jury trial. The trial court denied that motion. On appeal, in a rather perfunctory opinion, the court of appeals found that the trial court did not abuse its discretion in denying the relief requested by the defendants and set forth the following legal proposition:

> Legal prejudice is not visited upon [the defendants] because they might have to try their case to a jury rather than to the court. *See* Fed.R.Civ.P. 39(b). *Cf. United States v. Gunc,* 435 F.2d 465 (8th Cir.1970)(no prejudice to taxpayer where government obtained Fed.R.Civ.P. 41(a)(2) dismissal which in fact deprived taxpayer of jury trial). Absent

such plan legal prejudice, the district court did not abuse its discretion. *Id.* at 823.

My reading of the first sentence and the citation to Fed.R.Civ.P. 39(b) is as follows. My understanding of Fed.R.Civ.P. 39(b) is that notwithstanding the failure of a party to timely demand a jury trial pursuant to Fed.R.Civ.P. 38, the court can, in its discretion and upon motion, order a trial by jury of any or all issues. Thus, it appears to me that the court of appeals was only reciting the legal proposition set forth in Fed.R.Civ.P. 39(b) and suggesting that whether in the refiled case or in the case that was dismissed the defendants could be subjected to a jury trial. Of course, the Bankruptcy Rules do not contain provisions reading on Fed.R.Civ.P. 38 or 39. The court's reference to *United States v. Gunc* is interesting and I find that case to support the conclusion reached as discussed above.

In *United States v. Gunc,* the government filed a civil suit in the district court seeking a judgment for assessed tax liabilities. The defendants filed an answer and requested a jury trial. Thereafter, the IRS, pursuant to statutory provisions, served notice on the defendants of their right to either file a petition with the tax court for a redetermination of the deficiency or pay the tax and sue for a refund in the district court. The defendants chose to file a petition in tax court. The result was that the tax liability issue was now before two separate forums, the tax court and the federal district court. Thereafter, an indictment was returned against the defendants charging them with income tax evasion. The defendants filed a notice in the district court case to take the deposition of an internal revenue agent. The government moved to quash the notice on the grounds that the requested discovery in the civil case would permit the defen-

dants to obtain information that would not be obtainable in the criminal case. The district court denied the government's motion to quash and the government then filed a motion to dismiss the civil case pursuant to Fed.R.Civ.P. 41(a)(2). The district court entered an order dismissing the case and the defendants appealed claiming the district court abused its discretion. On appeal, the defendants complained of their loss of their right to a jury trial on the issue of civil tax liability. The court of appeals noted that the defendants could have elected to pay the tax and sue for a refund in the district court jury trial rather than pursue the matter in the tax court. The court of appeals affirmed the district court on the grounds that by their election to sue in the tax court the defendants elected to forego any right to a jury trial. The following observation by the court of appeals suggest a situation quite similar to the instant matter:

> We agree with the trial court that any prejudice that defendants may have suffered in respect to the jury trial issue was through their own doing. Moreover, it has been held that once a taxpayer has elected to seek redress in the tax court rather than pay the tax and sue for a refund in a jury trial, he cannot at the later time claim prejudice through deprivation of right to trial by jury.

*Id.* at 467.

## CONCLUSION

For the reasons discussed above I find that by filing its proof of claim RK has caused its disputes (i.e., its claim and the preference action) to be subject to the exclusive jurisdiction of this bankruptcy court and a withdrawal of the proof of claim would not change that result. Given this conclusion, I assume that RK does not wish to withdraw its proof of claim since its recovery in the chapter case would obviously be reduced, based on EXDS's

lower scheduled amount of the RK obligation.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the plaintiff's motion (Doc. # 16) to strike the defendant's jury demand is GRANTED.